UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 09-21172-CIV  COOKE/BANDSTRA

EVANSTON INSURANCE COMPANY,

    *Plaintiff*,

v.

LAURIS BOULANGER, INC., *et al.*,

    *Defendants*.

_____/

## ORDER DISMISSING COUNTERCLAIM

THIS CASE is before me on the Plaintiff's Motion to Dismiss the Counterclaim brought by Defendant Lauris Boulanger, Inc. [D.E. 33]. I have reviewed the Parties' arguments and the relevant legal authorities. For the reasons explained below, the motion to dismiss the counterclaim is granted.

### I.  BACKGROUND

Lauris Boulanger, Inc. ("LBI") was the general contractor for a construction project known as the Grand Venetian Condominium, located in Miami Beach, Florida. Several individual unit owners, and the condominium association filed a lawsuit against LBI in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida (Case No. 04-5276 CA 10). In that state-court lawsuit, the plaintiff's alleged that LBI was liable for various defects and deficiencies associated with the work performed in connection with the Grand Venetian Condominium construction project.

Evanston Insurance Company had issued a Commercial General Liability insurance policy to LBI, which allegedly provided coverage for the Grand Venetian Condominium

construction project. Evanston filed this lawsuit for declaratory relief, because it contends that it is not obligated to provide coverage to LBI with respect to the state-court litigation. LBI answered Evanston's complaint and filed a single-count counterclaim. In its counterclaim, LBI seeks attorneys fees and costs in the present litigation and the underlying state-court action, pursuant to Florida Statute section 627.428. Evanston has moved to dismiss the counterclaim because it contends, the state statute is inapplicable to the underlying state-court action, and is both premature and procedurally inappropriate with respect to the present case.

## II. LEGAL STANDARDS

### A. Motion to Dismiss Standard

When considering a motion to dismiss, under Rule 12(b)(6), a Court must accept all of the allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. *M.T.V. v. DeKalb County Sch. Dist.*, 446 F.3d 1153, 1156 (11th Cir. 2006). The complaint may be dismissed if the facts as plead do not state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561-62, 570 (2007); *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1037 (11th Cir. 2001) ("Pleadings must be something more than an ingenious academic exercise in the conceivable.") (en banc) (quoting *United States v. Students Challenging Regulatory Ag. Proc.*, 412 U.S. 669, 688 (1973)).

### B. Standard for Attorneys Fees Under Florida Statute Section 627.428

Florida Statute section 627.428 provides that:

(1) Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation

> for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.
>
> . . . .
>
> (3)  When so awarded, compensation or fees of the attorney shall be included in the judgment or decree rendered in the case.

"The purpose of the statute is to discourage the contesting of insurance policies and to reimburse successful insureds reasonably for their outlays for attorney's fees, when they are compelled to defend or sue to enforce their contracts." *Fla. Rock & Tank Lines, Inc. v. Cont'l Ins. Co.*, 399 So. 2d 122, 124 (Fla. Dist. Ct. App. 1981).

### III.  ANALYSIS

LBI's "counterclaim" is simply a demand for attorneys fees, pursuant to Florida Statute section 627.428.  To the extent that the counterclaim seeks attorneys fees for the underlying state-court action, this claim is filed in the wrong court.  The statute expressly provides that when attorneys fees are awarded they "shall be included in the judgment or decree rendered in the case." Fla. Stat. § 627.428(3) (2009).  This statutory language indicates that the court rendering the judgment is the proper court to award attorneys fees under the statute.  *Cf. Travelers Indem. Co. v. Chisholm*, 384 So. 2d 1360, 1361 (Fla. Dist. Ct. App. 1980) ("[T]he jurisdiction of the trial court to require the insurer to pay a reasonable attorney's fee for the insured exists only as provided by statute.").  If LBI wishes to recover attorneys fees expended in the underlying state-court action, it should petition the state court for those fees.

To the extent LBI seeks attorneys fees for this case, a counterclaim is not the proper procedural vehicle.  As an initial matter, LBI's right to attorneys fees does not accrue until the "rendition of a judgment" against Evanston and in favor of LBI.  *State Farm Mut. Auto. Ins. Co.*

*v. Cedolia*, 571 So. 2d 1386, 1386-87 (Fla. Dist. Ct. App. 1990).  This is not to say that LBI's demand for statutory attorneys fees is not properly pled in its answer to Evanston's complaint, just that the demand is not properly framed as a counterclaim.

The Florida Supreme Court has explained that, in order to ensure proper notice and to prevent unfair surprise, "a claim for attorney's fees, whether based on statute or contract, must be pled." *Stockman v. Downs*, 573 So. 2d 835, 837 (Fla. 1991).  The court reasoned that "[t]he existence or nonexistence of a *motion* for attorney's fees may play an important role in decisions affecting a case." *Id.* (emphasis added).  The court concluded that, as long as the entitlement to attorneys fees is pled, then "[p]roof of attorney's fees may be presented after final judgment, upon *motion* within a reasonable time". *Id.* (emphasis added).

## IV.  CONCLUSION

For the reasons explained above, LBI's counterclaim must be dismissed.  To the extent that LBI seeks attorneys fees for the underlying state-court case, it must file its motion in that court.  To the extent that LBI seeks attorneys fees for this case, it must wait until the resolution of this case, at which time it may petition the Court after final judgment.  It is therefore **ORDERED and ADJUDGED** that Plaintiff's Motion to Dismiss the Counterclaim brought by Defendant Lauris Boulanger, Inc. [D.E. 33] is **GRANTED**, and the Counterclaim is **DISMISSED**.

**DONE and ORDERED** in chambers at Miami, Florida, this 10th day of February 2010.

MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Counsel of Record*
*Ted E. Bandstra, U.S. Magistrate Judge*